UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>           Plaintiff,<br>vs.<br><br>PHH MORTGAGE CORPORATION, *as Servicer for Structured Asset Mortgage Investment 11 Trust Mortgage Pass-Through Certificates, Series 2005-AR5*, a New Jersey corporation; UNIVERSAL AMERICAN MORTGAGE COMPANY, a Florida limited liability company; P. TIMOTHY MERRELL, an individual, CHRISTINE M. MERRELL, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>           Defendants. | Case No.: 2:13-cv-01356-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Emergency Motion for Oral Argument on Plaintiff's Application for Temporary Restraining Order (ECF No. 5) filed by Plaintiff SFR Investments Pool 1, LLC ("Plaintiff").

I.    **BACKGROUND**

This case arises from a dispute over the ownership of real property located at 1525 Via Cassia, Henderson, Nevada 89052 ("the Property"). (Compl. ¶ 1, ECF No. 1-1.) Plaintiff claims that it "acquired the Property commonly . . . at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et seq.*" (*Id.* at ¶ 8.) Plaintiff's Complaint recognizes that Defendant PHH Mortgage Corporation as Servicer for Structured Asset Mortgage Investment II Trust Mortgage Pass-Through Certificates, Series 2005-ARS ("PHH Mortgage"), Defendant Universal American Mortgage Company ("Universal"), and Defendants P. Timothy and Christine Merrell

("Merrell Defendants"), the former owners, may all claim interests in the Property. (*Id.* at ¶¶ 2-5, 25-33.) However, Plaintiff's Complaint further alleges that each of these Defendants' interest in the Property was "extinguished by the foreclosure of the HOA Lien." (*Id.* at ¶¶ 38-40; *see also id.* at ¶ 41.)

After this alleged passage of title to Plaintiff, the trustee for PHH Mortgage "executed a notice of default and election to sell pursuant to the terms of the Deed of Trust." (*Id.* at ¶ 35.) This Notice of Default was recorded on February 5, 2013. (*Id.*) Additionally, on July 3, 2013, the trustee for PHH Mortgage recorded a "Notice of Trustee's Sale stating that the Property would be sold at a public auction . . .."

In response, Plaintiff filed the instant action in Nevada state court seeking (1) Declaratory Relief/Quiet Title Pursuant to NRS 30.010, et. seq., NRS 40.10 & NRS 116.3116; (2) Unjust Enrichment; and (3) Preliminary and Permanent Injunction. (*Id.* at ¶¶ 42-71.) Subsequently, on July 31, 2013, PHH Mortgage removed the action to this Court claiming that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice of Removal 1:28-2:5, ECF No. 1.) Specifically, PHH Mortgage claims that complete diversity exists among the parties because Plaintiff is a citizen of Nevada (*id.* at ¶ 7) and because "no plaintiff is a citizen of the same state as a properly-joined defendant" (*id.* at ¶ 14). Finally, PHH Mortgage asserts that the amount in controversy requirement is met because the value of the Property exceeds $75,000. (*Id.* at ¶ 15.)

## II.  DISCUSSION

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564,

566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  In this case, PHH Mortgage asserts only that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Here, neither party disputes that the amount in controversy requirement is met.  However, PHH Mortgage has failed to establish diversity of citizenship between the Plaintiff and all of the Defendants.  In its Notice of Removal, PHH Mortgage fails to dispute that the Merrell Defendants are citizens of Nevada. (Notice of Removal ¶¶ 10-14, ECF No. 1.)  Nevertheless, PHH Mortgage Fargo argues that the citizenship of the Merrell Defendants should not be considered in the diversity calculus because they are fraudulently joined defendants. (*Id.*)

It is well established that "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  There are two ways to establish fraudulent joinder: (1) the defendant may facially attack plaintiff's complaint by showing the inability of the plaintiff to establish a cause of action against the non-diverse defendant based on the plaintiff's allegations or (2) the defendant may attempt to disprove jurisdictional facts alleged in the plaintiff's pleadings. *See Hunter v. Philip Morris*

*USA,* 582 F.3d 1039, 1044 (9th Cir.2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

Here, PHH Mortgage asserts that each of the three claims fail as a matter of law as asserted against the Merrell Defendants.  As to Plaintiff's first cause of action for injunctive relief, the Court agrees that it fails as a matter of law.  First, injunctive relief is a remedy and not a cognizable cause of action.  Second, even if it was a cognizable cause of action, this claim is directed solely at enjoining PHH Mortgage from conducting the pending foreclosure sale.

In contrast, PHH Mortgage has not carried its burden in establishing that Plaintiff's first and second causes of action fail as to the Merrell Defendants.  Plaintiff's first cause of action is essentially a quiet title claim and Plaintiff's second cause of action is a claim for unjust enrichment.  The Merrell Defendants owned the property prior to Plaintiff's alleged acquisition of the property through the foreclosure that resulted due to the Merrell Defendants' delinquency on assessments.  Accordingly, in order to quiet title to the Subject Property, the Merrell Defendants are an important party.  The fact that Plaintiff asserts in its Complaint that the Merrell Defendants no longer have an ownership interest is irrelevant in determining whether they are fraudulently joined defendants.  This statement is merely an allegation that is consistent with Plaintiff's claim that it holds title to the Subject Property.  Furthermore, PHH Mortgage's bare assertion that "[a]t the time of the filing and service of the Complaint, Defendant is informed and believes that the [Merrell Defendants] plainly and obviously is [sic] making no claim or interest on the subject real property," is insufficient to carry its burden of establishing that Plaintiff has failed to state a cause of action against a resident defendant. (*See* Notice of Removal ¶¶ 11, 13.)

For these reasons, PHH Mortgage has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.

/ / /

### III. CONCLUSION

**IT IS HEREBY ORDERED** that this case is remanded to the Eighth Judicial District Court, Clark County, Nevada.

**DATED** this 5th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge